J-S54022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL SCOTT HANLEY | |
| Appellant | No. 2178 MDA 2013 |

Appeal from the Judgment of Sentence July 15, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001724-2011

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.: **FILED NOVEMBER 05, 2014**

Appellant, Daniel Scott Hanley, appeals from the July 15, 2013 aggregate judgment of sentence of nine to 23 years' incarceration, imposed after a jury found him guilty of three counts of dissemination of obscene or explicit sexual materials to minors, one count of corruption of minors by course of conduct, eight counts of corruption of minors by specific act, 23 counts of indecent assault, and 23 counts of harassment.[1] After careful review, we affirm the judgment of sentence.

The certified record discloses the following facts and procedural history of this case. On August 30, 2011, the Pennsylvania State Police, at

———————————————————

[1] 18 Pa.C.S.A. §§ 5903(c), 6301(a)(ii), 6301(a)(i), 3126(a)(7)-(8), and 2709, respectively.

Rockview, filed a criminal complaint charging Appellant with multiple offenses, stemming from numerous alleged instances of Appellant's improper conduct and contact with his minor stepdaughter and her friends, which had taken place between spring 2010 and April 2011. These acts included exposing the victims to sexually explicit images, videos, texts, and sex toys, and repeated instances of inappropriate "flicking" of the victims' breasts. The complaint's 27 criminal counts and 23 summary counts were bound over to the trial court following the September 7, 2011 preliminary hearing. By order dated April 15, 2013, the trial court granted the Commonwealth's motion to amend its information to add 15 additional criminal counts. The matter proceeded to a jury trial on April 18, 2013, at the conclusion of which the jury found Appellant guilty of 35 of the aforementioned crimes and the trial court found Appellant guilty of all the aforementioned summary offenses.[2]

On July 15, 2013, the trial court sentenced Appellant to an aggregate term of incarceration in a state correctional institution of not less than nine nor more than 23 years plus a $100.00 fine on each summary count. On July 23, 2013, Appellant filed a timely post-sentence motion. A hearing on Appellant's post-sentence motion was held on September 16, 2013. The

---

[2] The jury found Appellant not guilty of one count of dissemination of obscene or explicit sexual materials to minors, one count of indecent assault, and five counts of Section 6301(a)(i) corruption of minors.

trial court denied the requested post-sentence relief on November 20, 2013.[3]  On December 4, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issues for our review.

> I. Did permitting the [Children and Youth Services (CYS)] caseworker to testify that the Child's allegations were "indicated" constitute reversible error as it improperly bolstered the credibility of the witnesses?
>
> II. Did the failure to give timely requested lack of prompt complaint jury instructions constitute reversible error?
>
> III. Did the failure to permit character evidence regarding [Appellant's] reputation in the community for non-violence constitute reversible error?

Appellant's Brief at 8.

In his first and third issues, Appellant challenges the trial court's evidentiary rulings.  We therefore elect to address these issues first.  In considering evidentiary issues, we are guided by the following principles.

> The standard of review for a trial court's evidentiary rulings is narrow.  The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion.  An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of

---

[3] On October 11, 2013, Appellant's privately retained trial counsel filed a petition to withdraw, citing Appellant's financial constraints.  The trial court granted the motion on November 20, 2013, and on November 26, 2013, appointed the Centre County Public Defender's Office to represent Appellant.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). In order to be entitled to relief based on a showing of a clear abuse of discretion in an evidentiary ruling, actual resulting prejudice must be established. *Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (citation omitted). "[I]f in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." *Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted), *appeal denied*, 986 A.2d 150 (Pa. 2009). "Even when a trial court does err, however, the error does not necessarily warrant reversal[,]" if the error is harmless. *Commonwealth v. Huddleston*, 55 A.3d 1217, 1223 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

In his first issue, Appellant contends that the trial court erred when it permitted the Commonwealth to elicit testimony from Leslie Young, the Centre County CYS case worker, about the conclusion reached in the report she issued when first investigating the allegations of Appellant's abuse toward his step-daughter, O.W.[5] Appellant's Brief at 16. Specifically,

---

[5] A report of suspected child abuse may be determined to be either "indicated," "founded," or "unfounded." 23 Pa.C.S.A. §§ 6337, 6338.

Appellant contends, "the Commonwealth [] put the seasoned veteran [caseworker] on the stand to say that she believed O.W. [] to bolster the credibility of O.W." *Id.* at 19. "Expert testimony may not be used to bolster the credibility of witnesses because witness credibility is solely within the province of the jury." *Commonwealth v. Johnson*, 690 A.2d 274, 276 (Pa. Super. 1997).

We first address whether this issue has been properly preserved for appeal. Our Supreme Court has "noted that it is beyond cavil that if the ground upon which an objection is based is specifically stated, all other reasons for its exclusion are waived." *Commonwealth v. Smith*, 985 A.2d 886, 904 (Pa. 2009) (internal quotation marks and citations omitted), *cert. denied*, 131 S. Ct. 77 (2010). Additionally, this Court has held that a nebulous objection that fails to implicate the grounds later argued on appeal is insufficient to preserve that issue on appeal. *Commonwealth v. King*, 959 A.2d 405, 419 (Pa. Super. 2008). "In order to preserve an issue for review, a party must make a timely and specific objection. Also, an appellant may not raise a new theory for an objection made at trial on his appeal." *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) (internal quotation marks and citations omitted), *appeal denied*, 845 A.2d 816 (Pa. 2004). "[I]ssues raised in a timely optional post-sentence motion [are preserved], provided those issues were properly preserved at

the appropriate point in the proceedings." ***Commonwealth v. Kohan***, 825 A.2d 702, 705-706 (Pa. Super. 2003) (citation omitted).

Instantly, the relevant testimony during the Commonwealth's direct examination of the CYS caseworker, and defense counsel's objection thereto, transpired as follows.

> Q. Did you go over things with [O.M.]?
>
> A. I did. I was gathering information for my report. What we have to do is we have up to 60 days when we receive this type of report to file a final report with Child Line. We can file it as unfounded, which means that either we don't believe it happened or –
>
> [DEFENSE COUNSEL]: Your Honor, I'm going to object to these conclusions as well. This is a civil matter, it has nothing to do with the criminal case that's at issue. Whether it's indicated, unfounded, and I'm sure Ms. Young knows the other one, it has nothing to do with the criminal case.
>
> [ASSISTANT DISTRICT ATTORNEY]: Judge, it absolutely does because it goes to what happened with [O.M.] and her brother and [C.W.]
>
> THE COURT: All right. Objection's overruled.

N.T., 4/18/13, at 234-235. The witness then explained that, after speaking with O.M. and her mother, she filed her report as indicated, and explained the subsequent protective actions she took based on the report. ***Id.*** at 235-236.

Thus, Appellant's objection to the challenged testimony, as stated at trial, was based on the relevance of the caseworker's conclusions in a civil matter to the criminal case at hand. Appellant did not aver that the testimony was inadmissible as improper bolstering of a witness's credibility by an expert witness. Appellant first raised this ground for his objection in his post-sentence motion.[6] We therefore conclude that, for purposes of appeal, Appellant has waived his first issue. *See Smith*, *supra*; *Duffy*, *supra*.

In his third issue, Appellant claims the trial court abused its discretion in sustaining the Commonwealth's objection to his proffer of character witnesses to testify about Appellant's reputation for peacefulness and nonviolence. Appellant's Brief at 24.[7]

> [T]he charges have been legislatively categorized as "*sexually* ***violent*** *offenses*" per 42 Pa.[C.S.A.] § 9799.12 [] and 42 Pa.[C.S.A.] § 9799.14 [] (emphasis added). Therefore, [Appellant's] reputation for peacefulness and non-violence was highly relevant to the inquiry and should have been admitted.

*Id.* at 25.

_____

[6] In his post-sentence motion, Appellant also raised other grounds for inadmissibility, including that the evidence was irrelevant, inflammatory, and unduly prejudicial, but has not pursued these claims on appeal.

[7] The trial court also denied Appellant's proffer of character witnesses to testify about his reputation for veracity. Appellant has not challenged that ruling in his brief on appeal. The trial court did permit Appellant to present character evidence as to his reputation for law-abidingness. N.T., 4/18/13, at 311-312.

The trial court acknowledged the statutory definition of the corruption of minors involving a course of conduct charge, and the indecent assault charges as "sexually violent offenses" for the purpose of the Sexual Offender Registration and Notification Act. *See* 42 Pa.C.S.A. §§ 9799.12, 9799.14. However, the trial court reasoned that "[i]n this case, [] the underlying acts constituting these crimes were not violent acts, nor was violence used in the perpetration of these acts." Trial Court Opinion, 11/20/13, at 4. We agree.

> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has proper relation to the subject matter of the charge at issue. Evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. In a case where the crime charged is one of violence, evidence of reputation for non-violent behavior is admissible.

***Commonwealth v. Harris***, 785 A.2d 998, 1000 (Pa. Super. 2001) (internal quotation marks and citations omitted), *appeal denied*, 847 A.2d 1279 (Pa. 2004).

> Such evidence must relate to a period at or about the time the offense was committed … and must be established by testimony of witnesses as to the *community* opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa. Super. 2003) (internal quotation marks and citations omitted), *appeal denied*, 830 A.2d 975 (Pa. 2003).

Instantly, the corruption of minors by course of conduct and indecent assault charges were based on Appellant's inappropriate touching, described as "flicking the breasts" of the minor victims, and his acts exposing them to sexually explicit images and objects. Amended Information, 4/17/13, at 1-14. There were no allegations that Appellant employed force or coercion or inflicted any physical pain or injury. *Id.* In these circumstances, we agree with the trial court that the relevance of Appellant's reputation for peacefulness and nonviolence is properly viewed through the lens of his alleged actions, *i.e.*, "the particular trait or traits of character **involved in the commission** of the crime charged," and not on a general statutory designation of an offense for collateral purposes. *Lauro*, *supra* (emphasis added). In light of the nature of the allegations of Appellant's actual conduct in this case, we discern no abuse of discretion by the trial court in sustaining the Commonwealth's objection to Appellant's presentation of character evidence for peacefulness and nonviolence. *See O'Black*, *supra.*

We lastly address Appellant's second issue, in which he faults the trial court for refusing to provide a charge to the jury about the implications of the victims' delay in reporting the offenses. Appellant's Brief at 21.

> The trial court committed reversible error in failing to read [Appellant's] Points For Charge Numbers 13,

14, 15, and 16 or provide any other instruction to the jury on the potential evidentiary significance of the complaining witnesses' lack of a prompt complaint in accordance with 18 Pa.[C.S.A.] § 3105 [] as [Appellant's] conduct allegedly continued to occur for over a year without any of the witnesses ever reporting the conduct to an adult [until] after [Appellant's] wife accused him of having an adulterous affair.

*Id.*[8]

We address such challenges with the following principles in mind.

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested

---

[8] Appellant preserved this issue with a timely objection at trial. N.T. 4/18/13, at 342, 343, 419. *See Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2009) (holding "a specific objection to the charge or an exception to the trial court's ruling on a proposed point [is required] to preserve an issue involving a jury instruction").

> charge does not require reversal unless the Appellant was prejudiced by that refusal.
>
> ***Commonwealth v. Thomas***, 904 A.2d 964, 970 (Pa. Super. 2006) (internal citations, quotation marks, and brackets omitted).
>
> The premise for the prompt complaint instruction is that a victim of a sexual assault would reveal at the first available opportunity that an assault occurred. ***See id.*** The instruction permits a jury to call into question a complainant's credibility when he or she did not complain at the first available opportunity. ***See Commonwealth v. Prince***, 719 A.2d 1086, 1091 (Pa. Super. 1998). …
>
> "The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim." ***Thomas***, 904 A.2d at 970. For instance, "[w]here an assault is of such a nature that the minor victim may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication." ***Commonwealth v. Jones***, 449 Pa.Super. 58, 672 A.2d 1353, 1357 n. 2 (1996).

***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa. Super. 2013), *appeal*

*denied*, --- A.3d ---, 835, 836 MAL 2013 (Pa. 2014).

> In such an assessment the witness' understanding of the nature of the conduct is critical. Where the victim did not comprehend the offensiveness of the contact at the time of its occurrence, the absence of an immediate complaint may not legitimately be used to question whether the conduct did in fact occur.

***Commonwealth v. Snoke***, 580 A.2d 295, 298-299 (Pa. 1990) (citations

omitted).

Instantly, the trial court, in making that assessment, advanced the following reasons for declining to provide a prompt complaint instruction to the jury.

> In the case *sub judice*, the inappropriate acts perpetrated by [Appellant] took place over the course of approximately two years before the victims reported [Appellant's] misconduct. The delay in reporting the misconduct, however, was likely in part due to the fact that the victims did not fully comprehend the offensive nature of [Appellant's] conduct.

Trial Court Opinion, 11/20/13, at 8.

In **Snoke**, our Supreme Court noted the specific nature of the offending acts and the relationship between an offender and a minor victim are relevant to the assessment of whether a prompt complaint instruction is warranted.

> Where no physical force is used to accomplish the reprehensible assault, a child victim would have no reason to promptly complain of the wrong-doing, particularly where the person involved is in a position of confidence. Where such an encounter is of a nature that a minor victim may not appreciate the offensive nature of the conduct, the lack of a complaint would not necessarily justify an inference of a fabrication.

**Snoke**, **supra** at 299.

Citing **Snoke**, the trial court noted, "[Appellant's] inappropriate acts occurred without the use of physical violence or intimidation, and many of them occurred while he was supervising his stepdaughter and her friends." Trial Court Opinion, 11/20/13, at 8. Thus, the trial court has performed the

- 12 -

required evaluation of the particular circumstances in this case, and our review discloses the trial court's findings are supported by the record. We discern no abuse of discretion in the trial court's refusal to instruct the jury on the victims' delay in reporting the instant offenses. Consequently, we conclude Appellant's second issue is without merit. **See Sandusky**, **supra**.

In conclusion, we find no merit in Appellant's issues on appeal. His objection to the testimony of the CYS caseworker as improper bolstering of O.W.'s credibility is waived for failure to object on that ground at trial. Appellant's objection to the trial court's refusal to permit testimony about his reputation for nonviolence is meritless because violence was not implicated in the acts alleged. Finally, the trial court did not abuse its discretion in declining to give a prompt complaint instruction to the jury as it was inapplicable under the particular circumstances of this case. Accordingly, we affirm the July 15, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014